(No. 79-CC-0870–)

CAROL BONDS, Claimant, *v*. THE STATE OF ILLINOIS, Respondent.

*Opinion filed July 11, 1979.*

POCH, J.

This case comes before this Court as a result of a complaint filed against the Department of Registration and Education by the Claimant before the Fair Employment Practices Commission alleging certain unfair employment practices. Following an investigation report submitted by the Fair Employment Practices Commission which found several grounds for sustaining the complaint of unfair employment practices the Claimant and the Department of Registration and Education entered into an agreement whereby the Claimant agreed to withdraw her charges and the Department agreed to a payment of $1,500.00.

The case was then submitted to this Court. The Attorney General in investigating the claim obtained a departmental report and supporting documents and submitted to this Court a Respondent's stipulation wherein he set forth the findings of the Fair Employment Practice Commission and recommends to this Court that this

Court accept those findings as prima facie evidence. The Attorney General in its stipulation further recommends that this Court accept the amount agreed to as a reasonable settlement of this action. Respondent's stipulation is set forth below as follows:

"Now comes the Respondent by William J. Scott, Illinois Attorney General, of William E. Webber, Assistant Attorney General of Record, and stipulates to the following:

1. This claim is before the Court on a complaint by the Claimant stemming from a complaint with the Fair Employment Practices Commission against the Department of Registration and Education. In her complaint the Claimant alleges that she was denied the opportunity to apply for two positions within the electronic data processing department due to her race, which was black and her sex which was female. Those positions were data processing analyst III and methods and procedure advisor III, both positions having been filled by white males.

2. The investigation by the Fair Employment Practices Commission concluded that the charges filed by the complainant before the F.E.P.C. were essentially substantiated and specifically found as follows:

 a. Respondent did not post position openings.

 b. Respondent's general pattern of employing women and blacks was to hold them at a certain level thus preventing their advancement.

 c. Respondent's policy of not posting positions had a disparate impact on minorities and women.

 d. Complainant was a qualified candidate.

 e. Complainant was the only black in a nonclerical position.

 f. Complainant was promoted internally to a point and was unable to apply for further positions because they were not posted.

The office of the Attorney General accepts the findings of the Fair Employment Practices Commission as prima facie evidence as to the facts stated therein.

In view of the above findings of the Fair Employment Practices Commission investigation the Attorney General stipulates that the facts support a reasonable claim for monetary damages and that the settlement agreed to between the parties was a reasonable settlement considering all the factors involved. The Attorney General recommends to the Judges of the Illinois Court of Claims that the investigation report of the Fair Employment Practices Commission be accepted as prima facie evidence of the facts stated therein and that the settlement agreement between the parties be accepted as a reasonable amount to be awarded to the Claimant under the facts situation set forth in the record."

As stated many times in the past this Court is not a rubber stamp for the Fair Employment Practices Com-

mission but unless challenged in some manner this Court will not look behind a finding by the Fair Employment Practices Commission of a violation of the statute relating to those practices. Having carefully examined the record we agree with the recommendation of the Attorney General that the conclusions arrived at by the investigators for the Fair Employment Practices Commission constitute unfair employment practices and we accept their findings as prima facie evidence of the facts stated therein. We further note from the record that the Claimant has severed her employment relations with the Department and in view of the record in this case we agree with the office of the Attorney General that the agreement reached between the Claimant and the Department of Registration and Education is entirely reasonable under all of the circumstances involved.

It is, therefore, ordered that this Claimant be and is hereby granted an award in the amount of $1,500.00.